UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PAMELA EIKLEBERRY,** | ) | **CASE NO.5:09CV2286** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | **OPINION AND ORDER** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on Defendant's Objection to the Report and Recommendation of the Magistrate Judge recommending the final decision of the Commissioner of Social Security, denying Plaintiff disability benefits, be remanded for further proceedings. For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and remands for further proceedings.

### BACKGROUND FACTS

Plaintiff Pamela Eikleberry, a fifty-three year old former clerk, administrative assistant and supervisor of accounts receivables, applied for disability benefits due to physical and mental

1

impairments arising from heart disease, diabetes, and carpal tunnel. She alleges depression, lack of energy, lack of control of her right hand and weakness in her legs. She alleges an onset date of July 7, 2006. The Administrative Law Judge ("ALJ") determined Plaintiff had several severe physical impairments but no severe mental impairments. Ultimately, the ALJ determined Plaintiff was not disabled as defined by the Social Security Act.

After the Commissioner's decision became final, Plaintiff filed her appeal with this Court alleging the following:

(1) Whether the ALJ's finding that Plaintiff can perform her past relevant, highly skilled work is supported by substantial evidence.
    (a) Whether the ALJ erred in finding that Plaintiff retained a residual functional capacity with no mental limitations;
    (b) Whether the ALJ erred in weighing medical opinions;
    (c) Whether the ALJ erred in concluding that a limitation in the ability to perform simple, routine tasks nonetheless would allow for the ability to perform highly skilled work.

(Magistrate Judge's Report and Recommendation at pg. 3, citing Plaintiff's Brief on the Merits at pgs. 6, 7, and 12).

On December 10, 2010, the Magistrate Judge issued her Report and Recommendation recommending that the Court remand Plaintiff's claim to the ALJ because the ALJ's determination of Plaintiff's Residual Functional Capacity was flawed. The Magistrate Judge determined that the ALJ failed to properly evaluate the objective medical evidence by failing to identify and give appropriate consideration to the medical opinion of Plaintiff's treating physician as required by Social Security Rule 96-2p. The Magistrate Judge concluded that the ALJ must determine whether Dr. Fast is a treating physician and must consider what weight to give such medical opinion evidence. It is undisputed that the ALJ was unable to identify Dr. Fast as the author of Notes from Comprehensive Internal Medicine, which notes indicated that

Plaintiff's ability to concentrate was impaired by her mood and that she was easily agitated by others.

On December 16, 2010, Defendant filed its Objection to the Magistrate Judge's Report and Recommendation. Defendant contends the ALJ's failure to recognize the medical opinion evidence of Dr. Fast as that of a treating physician is harmless error. Defendant contends Dr. Fast's opinion that Plaintiff's "ability to concentrate is impaired by mood & [she] gets agitated easily by others" is not to be given controlling weight under the treating source opinion regulation because it is not well supported by the medical evidence and is patently deficient. Furthermore, Defendant argues Dr. Fast is not Plaintiff's mental health treating physician but is an osteopathic physician. Finally, the Defendant argues Plaintiff has failed to demonstrate that the ALJ's error resulted in harm to her.

## STANDARD OF REVIEW

### Civil Rule 72(b) Standard

Under Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636, the District Court is required to review *de novo* any portion of the Magistrate Judge's Report to which a specific objection is made. A party who fails to file an objection waives the right to appeal. *U.S. v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Supreme Court held: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

Local Rule 72.3(b) recites in pertinent part:

The District Judge to whom the case was assigned shall make a *de novo* determination of those portions of the report or specified proposed findings or

>recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

## **ANALYSIS**

The sole reason for the Magistrate Judge's recommendation that Plaintiff's claim be remanded is her determination that the ALJ failed to fully articulate the reasons for his decision, insofar as the ALJ failed to identify the nature of the treating relationship between Plaintiff and Dr. Fast, D.O. and failed to analyze the weight to ascribe to Dr. Fast's opinion. In so concluding, the Magistrate Judge relied on *Wilson v. Comm'r of Soc. Sec.* 378 F.3d 541 (6th Cir. 2004), wherein the Sixth Circuit held that, regardless of whether substantial evidence exists to support an ALJ's decision, such substantial evidence does not abrogate the ALJ's duty to comply with the analysis of medical opinion evidence under the factors listed in 20 CFR §1527(d)(2). The Magistrate Judge held that the ALJ failed to "identify and give appropriate consideration to the medical opinion of Eikleberry's primary care physician, Dr. Fast, D.O., and the Court declines to classify the ALJ's omission as a harmless error." (R&R at 8-9).

The Magistrate Judge held that treating source evidence must be weighed under the § 1527 factors and failure to do so mandates reversal. The Magistrate Judge also points out that D.O.'s are permitted to diagnose and treat mental conditions under 20 CFR § 404.1513(a)(1). Furthermore, the Magistrate Judge recommends that the ALJ's failure to recognize the opinion as that of the treating physician and failure to analyze the weight to be given it contravenes Social Security regulations.

Upon review of the record, the parties' respective briefs and Defendant's Objections, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and remands Plaintiff's claims to the ALJ to reevaluate Dr. Fast's medical evidence in a manner consistent with the Magistrate Judge's Report and Recommendation.

The Court, in so holding, agrees with the Magistrate Judge that remand is necessary so that the ALJ may determine if Dr. Fast was a treating physician for purposes of evaluating her medical opinion evidence and then determine what weight it deserves. The relevant Social Security regulations and case law, as laid out by the Magistrate Judge, clearly indicates that the ALJ ***must*** determine the nature Plaintiff's treating relationship with Dr. Fast and ***must*** analyze what weight to give the evidence. The absence of such analysis belies a finding that the ALJ's decision was based on substantial evidence. See *Rogers v. Comm'r. of Soc. Sec.* 486 F.3d 234, 243 (6th Cir. 2007) ("a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record.")

While the Defendant argues the failure to abide by the required analysis was harmless error, the Court disagrees. In the absence of any analysis as to the treating relationship of Plaintiff and Dr. Fast and the weight to give such evidence, the Court cannot say whether the ALJ properly accorded the evidence its due weight and cannot determine that the ALJ properly discounted it as unsupported and inconsistent with the medical evidence.

Therefore, the Court finds remand is appropriate to consider Dr. Fast's treating relationship with Plaintiff and what weight to give Dr. Fast's Notes and accepts and adopts the

Magistrate Judge's Report and Recommendation.

      IT IS SO ORDERED.

                                        S/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

March 25, 2011